### Application of SNAY.

Railroad & Public Utilities Commission.

November 10, 1953.

150

Joel P. Newman and Gerald Strelkow of Turk & Newman, Miami Beach, for applicant.

Ted Davis and James F. Minnet, both of Fort Lauderdale, for Florida Tank Lines, protestant.

Leo P. Kitchen of Kitchen & Schwartz, Jacksonville, for Overseas Transportation Co., Great Southern Trucking Co., Central Truck Lines, Inc. and Tamiami Trail Tours, Inc., protestants.

John T. Bond and Fred Dewhurt, both of Miami, for Leonard Bros. Transfer & Storage Co., as its interest might appear.

BY THE COMMISSION.

The commission by appropriate resolution authorized commissioner Wilbur C. King to hold a public hearing on this application at 2605 W. Flagler St., Miami, on August 21, 1953. Pursuant thereto, a public hearing was held at that time and place, following which the commissioner submitted to the commission a proposed order, copies of which were transmitted by the commission to all parties of record, together with a notice that exceptions thereto could be filed with the commission within 15 days from the date thereof. No exceptions to the proposed order have been filed and the commission, after consideration thereof and the testimony and evidence adduced at the hearing, hereby adopts the order with slight modification as the order of the commission.

Two of the eleven concrete building block manufacturers in the Miami area testified at the hearing that their delivery requirements fluctuate radically from day to day. Each operates a fleet of trucks sufficient to take care of its minimum requirements, but each finds it more economical to use the applicant's trucks and drivers for all additional demand than to make a tremendous investment in the many additional trucks needed only spasmodically with the attendant necessity of keeping drivers available but idle for days at a time.

The applicant loads his own trucks at a block plant and unloads at a building site as directed by the builder or contractor—part of a load at one building site and part at another building site, or part of a load on one side of a building, part on the opposite side and part inside the foundation. The contractors cannot tolerate unnecessary extra handling nor will they tolerate the possibility of their $3 to $4 an hour masons having to wait for blocks. Deliveries cannot await scheduled routes but must be made on call and demand basis. It is frequently necessary also that other building material, such as cement or mortar mix, arrive simultaneously with the blocks.

Applicant started the above described operation 8 years ago with one truck and is now operating a fleet of 12 flat bed 1½ and 2 ton trucks capable of getting in and out of building sites located on soft sandy soil. Approximately three-fourths of his business is with block manufacturers and one-fourth direct with contractors and builders. The witnesses all testified that applicant's trucks are always immediately available.

The Miami area is growing rapidly and a large part of this development is now in outlying areas where applicant cannot operate without authority from this commission and where he must operate if the block manufacturers are to continue to use his trucks in lieu of their own.

By a succession of amendments during the course of the hearing, applicant limited his application to one for a certificate of public convenience and necessity authorizing the common carriage of building blocks, rock lath, road mesh and nails and the following enumerated building materials in bags: lime, plaster, cement, mortar, fire clay, gaging, molding, perlite, mortar mix and cement color; in 1½ and 2 ton trucks, loading and unloading as directed by the shipper or consignee as an integral part of said common carriage, over irregular routes on non-scheduled operations between Miami and points and places within a 35 mile radius of Miami and points and places within a 35 mile radius of Miami and between points and places within said radius of 35 miles of Miami.

After due consideration, the commission finds that the proposed transportation should be conducted under a for hire permit rather than a certificate of public convenience and necessity and finds further that a for hire permit should be granted.

It is therefore ordered that for hire permit no. 934 be and the same is hereby issued to Paul R. Snay, d/b/a Paul R. Snay Trucking, 1857 S. W. 4th St., Miami, authorizing the operation of an auto

152

transportation company in the for hire carriage of building blocks, rock lath, road mesh and nails; and the following enumerated building materials in bags: lime, plaster, cement, mortar, fire clay, gaging, molding, perlite, mortar mix and cement color; to construction sites only, in 1½ and 2 ton trucks, loading and unloading as directed by the shipper or consignee as an integral part of said for hire carriage, over irregular routes on non-scheduled operation, to, from and between all points and places within a radius of 35 miles from the present situs of the Dade County Court House. It is further ordered that the applicant file with this commission evidence of compliance with its rules governing insurance.